IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

SEP 29 2022

MITCHELL R. ELFERS
CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 22-306 KG |
| ) | |
| vs. ) | |
| ) | |
| **JESUS BARRON-BARRIOS,** ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **JESUS BARRON-BARRIOS**, and the defendant's counsel, HERMAN ORTIZ:

## REPRESENTATION BY COUNSEL

1.    The defendant understands the defendant's right to be represented by an attorney and is so represented.  The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.    The defendant further understands the following rights:

   a.    to plead not guilty;

   b.    to have a trial by jury;

   c.    to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   d.    against compelled self-incrimination.

WAIVER OF RIGHTS AND PLEA OF GUILTY

3.       The defendant hereby agrees to waive these rights and to plead guilty to the

Indictment charging in **Count 1** a violation of 18 U.S.C. § 371: Conspiracy; in **Counts 2 through**

**7** a violation of 18 U.S.C. § 922(a)(6): False Statement in the Acquisition of a Firearm, and in

**Count 8** a violation of 18 U.S.C. § 554: Smuggling Goods from the United States.

ELEMENTS OF THE OFFENSE

4.       The elements of 18 U.S.C. § 371, Conspiracy, as charged in Count 1, are:

   a.       The defendant agreed with at least one other person to violate the law;

   b.       One of the conspirators engaged in at least one overt act furthering the
            conspiracy's objective;

   c.       The defendant knew the essential objective of the conspiracy;

   d.       The defendant knowingly and voluntarily participated; and

   e.       There was interdependence among the members of the conspiracy; that is,
            the members, in some way or manner, intended to act together for their
            shared mutual benefit within the scope of the conspiracy charged.

5.       The elements of 18 U.S.C. § 922(a)(6): False Statement in the Acquisition of a

Firearm, as charged in Counts 2 through 7, are:

   a.       The defendant made a false statement while obtaining a firearm from a licensed
            dealer;

   b.       The defendant knew the statement was false; and

   c.       The defendant was intended to or was likely to deceive about a material fact,
            i.e., one of which would affect the legality of the transfer of the firearms from
            the dealer to the defendant.

6.       The elements of 18 U.S.C. § 554: Smuggling Goods from the United States, as

charged in Count 8, are:

2

a.  The defendant knowingly exported merchandise (firearms) as described in the indictment;

b.  The defendant's exportation was contrary to the laws or regulations of the United States; and

c.  The defendant knew the exportation of the merchandise was contrary to law or regulation.

## SENTENCING

7.   The defendant understands that the minimum and maximum penalties the Court can impose as to Count 1 are:

a.  imprisonment for a period of up to five years;

b.  a fine not to exceed $250,000.00;

c.  a mandatory term of supervised release of 3 years.  (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

d.  a mandatory special penalty assessment of $100.00.

8.   The defendant understands that the minimum and maximum penalties the Court can impose as to Counts 2 through 8 are:

a.  imprisonment for a period of up to ten years;

b.  a fine not to exceed $250,000.00;

c.  a mandatory term of supervised release of 3 years.  (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

d.  a mandatory special penalty assessment of $100.00.

3

9.     The parties are aware that the Court may accept or reject this plea agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.  Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw Defendant's plea of guilty.

10.     The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

11.     Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

4

DEFENDANT'S ADMISSION OF FACTS

12.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**Count 1**

**From on or about January 23, 2021, and continuing to on or about June 7, 2021, in Doña Ana County, in the District of New Mexico and elsewhere, I knowingly and voluntarily acted interdependently and in concert with my co-defendants, ANA BARRON, VICTOR FIERRO-CARO, and MAYRA MADRID, to purchase firearms that I knew were intended to be smuggled from the United States into Mexico. I, along with my co-defendants, benefited from the export and sale of the firearms over the course of the conspiracy. I committed at least one overt act for the purpose of carrying out the conspiracy.**

**Counts 2-7**

**On or about January 23, 2021, and continuing to on or about May 29, 2021, in Grant, Luna, and Doña Ana Counties, in the District of New Mexico and elsewhere I knowingly induced my co-defendants, ANA BARRON, VICTOR FIERRO-CARO, and MAYRA MADRID, to make false and fictitious written statements to licensed dealers of firearms by representing that they were the actual buyers of the firearms indicated on the ATF Form 4473, when in fact they purchased the firearms on my behalf. I agree that the following table accurately summarizes my conduct as described above:**

5

| Count | Date | Name of Purchaser | Licensed Firearms Dealer | Number of Firearms on ATF Form 4473 |
|---|---|---|---|---|
| 2 | January 23, 2021 | Victor Fierro-Caro | DK Guns & Pawn; Silver City, New Mexico | 2 |
| 3 | April 19, 2021 | Victor Fierro-Caro | Larry's Pawn & Music; Deming, New Mexico | 1 |
| 4 | April 28, 2021 | Ana Barron | Larry's Pawn & Music; Deming, New Mexico | 1 |
| 5 | May 22, 2021 | Victor Fierro-Caro | MR Arms; Las Cruces, New Mexico | 2 |
| 6 | May 22, 2021 | Mayra Madrid | MR Arms; Las Cruces, New Mexico | 2 |
| 7 | May 29, 2021 | Ana Barron | MR Arms; Las Cruces, New Mexico | 2 |

## Count 8

On or about April 28, 2021, and continuing to on or about June 7, 2021, in Luna County, in the District of New Mexico, I knowingly facilitated the exportation of firearms that were purchased by my co-defendants, ANA BARRON, VICTOR FIERRO-CARO, and MAYRA MADRID, from federally licensed firearms dealers in southern New Mexico. At the time my co-defendants made those purchases on my behalf, I knew that the firearms would be exported from the United States to Mexico. Exportation of the firearms, which qualify as defense articles under the United States Munitions List, was contrary to the laws and regulations of the United States because neither I nor my co-defendants had the required license to export the firearms or written authorization for such export. Moreover, I knew that exporting the firearms was contrary to the laws and regulations of the United States. I agree that the following table accurately summarizes my conduct as described above:

| Firearm | Purchaser | Purchase Date | Date Recovered in Mexico |
|---|---|---|---|
| Smith and Wesson rifle, Model M&P 15, caliber 5.56, serial number TS87659 | Ana Barron | April 28, 2021 | June 7, 2021 |
| SOTA ARMS, Model PA15, semi-automatic rifle, serial number PA14040 | Victor Fierro-Caro | May 22, 2021 | June 7, 2021 |
| SOTA ARMS, Model PA15, semi-automatic rifle, serial number PA14027 | Victor Fierro-Caro | May 22, 2021 | June 7, 2021 |

| SOTA ARMS, Model PA15, semi-automatic rifle, serial number PA14032 | Mayra Madrid | May 22, 2021 | June 7, 2021 |
| SOTA ARMS, Model PA15, semi-automatic rifle, serial number PA14035 | Mayra Madrid | May 22, 2021 | June 7, 2021 |
| SOTA ARMS, Model PA15, semi-automatic rifle, serial number PA14022 | Ana Barron | May 29, 2021 | June 7, 2021 |
| SOTA ARMS, Model PA15, semi-automatic rifle, serial number PA14031 | Ana Barron | May 29, 2021 | June 7, 2021 |

13.    By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

14.    The United States and the defendant stipulate as follows:

a.    The defendant and the United States agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence in the range of 87 to 135 months imprisonment is the appropriate sentence in this case. The remaining components of the defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

## DEFENDANT'S OBLIGATIONS

15.    The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant

7

hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

16. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

17. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, Defendant understands that if the court rejects the plea agreement, whether or not Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

18. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration consequences that defendant's plea may entail, even if the consequences include defendant's automatic removal from the United States.

8

## WAIVER OF APPEAL RIGHTS

19.     The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court. The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence. The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

20.     Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Indictment.

21.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

22.    The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

23.    The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

24.    At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $800.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

25.    This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement

is effective upon signature by the defendant and an Assistant United States Attorney, and upon

entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this __16__ day of __August__, 2022.

ALEXANDER M.M. UBALLEZ
United States Attorney

RYAN ELLISON
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

11

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

JESUS BARRON-BARRIOS
Defendant

I am the attorney for JESUS BARRIOS-BARRON. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

HERMAN ORTIZ
Attorney for Defendant

12